**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CARLTON PATTERSON, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                                             **NO. 24-703-BAJ-RLB**

**THE DOW CHEMICAL COMPANY, ET AL.**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on July 23, 2025.

                                                       **RICHARD L. BOURGEOIS, JR.**
                                                       **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CARLTON PATTERSON, ET AL.**                           **CIVIL ACTION**

**VERSUS**                                              **NO. 24-703-BAJ-RLB**

**THE DOW CHEMICAL COMPANY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Acuren Inspection, Inc.'s ("Acuren") Motion to Strike. (R. Doc. 24). The motion is opposed. (R. Doc. 32). Also before the Court is Acuren's Motion for Leave to File Reply in Support of Motion to Strike. (R. Doc. 38).

Also before the Court are Plaintiffs' Motion to Remand. (R. Doc. 18). The motion is opposed by Acuren and Total Safety U.S., Inc. ("Total Safety"). (R. Docs. 22; 23).

## I.    Background

On July 12, 2024, Plaintiffs filed an action against the Dow Chemical Company, Petrin Corporation, Total Safety, Acuren, and four unnamed insurance companies. (R. Doc. 1-4 at 2, 3). On August 26, 2024, Acuren removed the case to this Court on the basis of diversity jurisdiction.[1] (R. Doc. 1). Challenging the sufficiency of the Complaint's allegations, Acuren filed a Motion to Dismiss or Alternatively for More Definite Statement, on September 16, 2024, that is still pending before the district judge. (R. Doc. 12). Also on September 16, 2024, Plaintiffs filed their First Amended Complaint, wherein they amended the complaint by changing defendant Petrin Corporation to defendant Petrin, LLC. (R. Doc. 13). The First Amended Complaint states Petrin, LLC, "is a limited liability company[,] which is organized under the laws of Louisiana and maintains its principal place of business in Baton Rouge, Louisiana[, and

---

[1] It is not disputed that the amount-in-controversy requirement is met. (R. Doc. 46) ("Plaintiffs concede the amount in controversy in this matter exceeds $75,000."). The only dispute is whether Defendants and Plaintiffs are diverse, considering whether Plaintiffs have claims against Petrin, LLC, and whether Petrin, LLC, has been properly added.

2

whose] member/s are also citizens of Louisiana." (R. Doc. 13 at ¶ 5).[2] On September 25, 2024, Plaintiffs filed a Motion to Remand, arguing the case should be remanded because both Petrin, LLC, and Plaintiffs are Louisiana citizens. (R. Doc. 18).

In response the Motion to Remand, Acuren and Total Safety filed oppositions on October 16, 2024. (R. Docs. 22; 23). Acuren also filed a Motion to Strike, arguing Plaintiffs' amendment was improper. (R. Doc. 24). Acuren argues this Court should strike the First Amended Complaint because Plaintiffs improperly amended to add a non-diverse party as a matter of course when leave to amend was required under 28 U.S.C. § 1447(e). Plaintiffs argue, in their opposition, that amending as a matter of course was appropriate as Fed. R. Civ. P. 15(a) trumps 28 U.S.C. § 1447(e), even when a non-diverse defendant is being added.

**II.    Law and Analysis**

28 U.S.C. § 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." When deciding whether to permit or deny joinder, courts in the Fifth Circuit use the *Hensgens* factors: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in amending; (3) whether the plaintiff will be significantly injured if the amendment is not permitted; and (4) any other factors bearing on the equities." *Shargian v. Shargian,* 591 F. Supp. 3d 100, 107 (E.D. La. 2022) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). The application of the *Hensgens* factors usually comes into play when a plaintiff

---

[2] No defendant who has submitted a brief regarding the issues now before this Court has disputed that Petrin, LLC, is a citizen of Louisiana. Plaintiffs should, however, provide the proper citizenship information for Petrin, LLC, in any future amendment. The citizenship of a limited liability company ("LLC") is determined by the citizenship of its members. The citizenship of all of the members of an LLC must be alleged. In the event a member of an LLC is another LLC, the members of that LLC must be alleged as well. *See SXSW, L.L.C. v. Federal Insurance Company*, No. 22-50933 (5th Cir. 2023); *see also Harvey v. Grey Wolf Drilling Co.,* 542 F. 3d 1077, 1080 (5th Cir. 2008).

seeks leave to amend a complaint to add a non-diverse defendant that would destroy diversity. Yet sometimes, as has occurred here, plaintiffs did not seek leave to amend. Instead, plaintiff asserts that no leave was required in accordance with "amending as a matter of course" under Fed. R. Civ. P. 15(a).

Decisions in this district as well as throughout the Fifth Circuit have noted this apparent conflict between §1447(e) and Rule 15(a). Contrary to the position of Plaintiff, however, the courts have held that if an amendment as of course would destroy diversity jurisdiction, leave of court must be sought. "**Thus, § 1447(e) trumps Rule 15(a)**." *Ascension Enters., Inc. v. Allied Signal, Inc*., 969 F. Supp. 359, 360 (M.D. La. 1997) ("[B]ecause the addition of Daigle as a defendant will destroy subject matter jurisdiction, Ascension must obtain leave of court in order to properly amend its complaint."). *See also Adey/ Vandling, Ltd. v. Am. First Ins. Co.,* No. A-11-CV-1007-LY, 2012 WL 534838, at *2 (W.D. Tex. Feb. 17, 2012) ("[F]ederal courts have concluded that when the amendment would deprive the court of subject matter jurisdiction, a party may not rely on Rule 15(a) to amend . . . without leave of court and such an amendment must be analyzed pursuant to § 1447(e)."); *Quibodeaux v. Nautilus Ins. Co.,* No. 1:10-CV-739, 2012 WL 12919188, at *4 (E.D. Tex. July 30, 2012), *report and recommendation adopted,* No. 1:10-CV-739, 2012 WL 12919189 (E.D. Tex. Aug. 21, 2012) ("[Because] plaintiffs did not obtain leave of court before amending their claims to include Evans[,] under Section 1447(e) and the governing case law, the filing of the amended complaint without leave of court was improper and ineffective."); *Boyce v. CitiMortgage, Inc*., 992 F. Supp. 2d 709, 715 (W.D. Tex. 2014) ("[T]o maintain the Court's statutory discretion over party additions which would defeat jurisdiction, the court holds that 28 U.S.C. § 1447(e) allows the Court discretion to permit or deny joinder, even when a party may otherwise amend as a matter of course."); *Whitworth v. TNT Bestway Transp.,* 914 F. Supp. 1434, 1435 (E.D. Tex. 1996) ("When an amendment will destroy

4

diversity, leave of court is required even though the existing defendant . . . ha[s] not yet filed responsive pleadings."); *Drew v. Rebuild Am., Inc.,* 1:13-CV-384-LG-JMR, 2013 WL 6179184 (S.D. Miss. Nov. 25, 2013) ("Where the addition of a party will destroy the court's jurisdiction and prejudice the other party, the general rule prevails that leave of court is necessary.") (citation omitted); *Brown v. PAC Hous. Grp., LLC,* No. CV 24-923, 2024 WL 3925156, at *3 (E.D. La. Aug. 22, 2024) ("Courts may therefore strike an amended complaint filed without leave of court that attempts to join a nondiverse party."); *Shargian v. Shargian,* 591 F. Supp. 3d 100, 107 (E.D. La. 2022) ("Here, plaintiff was required to seek leave of court before filing his amended complaint that purported to add six non-diverse defendants. Plaintiff's failure to do so means that his amended complaint was improperly filed and may be stricken from the record.").

Plaintiffs draw support for the contrary position from the Fifth Circuit's decision in *Allen v. Walmart Stores, L.L.C.*, 907 F.3d. 170 (5th Cir. 2018). In *Allen*, the district court did not address the apparent conflict between § 1447(e) and Rule 15(a) when confronted with an amendment that destroyed diversity. Instead, the district court granted a motion to strike joinder, granted motions to dismiss, and denied the motion to remand. On appeal, the Fifth Circuit specifically noted that "the district court's ruling did not consider the propriety of the amendment itself". *Id.* at 183. Accordingly, the court did not address whether leave should have been sought under § 1447 and whether a *Hengens* analysis would have been warranted. Instead, based on the lower court record, the review was limited to whether there was improper joinder, whether the motions to dismiss were properly granted, and whether the motion to remand was properly denied. *Id.*

Plaintiffs cite no case law to support their interpretation that, contrary to the numerous district court decisions above (both before and after *Allen*), *Allen* requires a district court to allow an amendment of course to destroy jurisdiction without complying with § 1447(e).

Plaintiff may file a motion for leave to amend, specifically addressing the *Hensgens* factors. In amending, Plaintiff should properly allege the citizenship of Petrin, LLC, and consider whether any amendments to the allegations are appropriate, considering the pending Motion to Dismiss.

**III.   Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Acuren's motion for leave to file a reply (R. Doc. 38) be **GRANTED**, with the Clerk of Court to file the reply (R. Doc. 38-2) into the record.

**IT IS FURTHER RECOMMENDED** that Acuren's Motion to Strike (R. Doc. 24) be **GRANTED**, striking the First Amended Complaint (R. Doc. 13) from the record.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 18) be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that Plaintiffs be ordered to file a Motion for Leave to Amend the Complaint within fourteen (14) days of the district judge's decision whether to adoption of this Report and Recommendation. **Plaintiff may, of course, file this motion before such a decision**. The motion for leave should address the *Hensgens* factors.[3]

Signed in Baton Rouge, Louisiana, on July 23, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] This Court acknowledges Plaintiffs addressed the *Hensgens* factors in opposition to the Motion to Strike, but the analysis was only two paragraphs, and this Court finds full briefing would benefit all the parties. (R. Doc. 32 at 6).