## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CARLTON PATTERSON, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                                          **24-703-BAJ-RLB**

**THE DOW CHEMICAL COMPANY, ET AL.**

### NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

      **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

      Signed in Baton Rouge, Louisiana, on November 12, 2025.

                                                      **RICHARD L. BOURGEOIS, JR.**
                                                      **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARLTON PATTERSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **24-703-BAJ-RLB** |
| **THE DOW CHEMICAL COMPANY, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Carlton Patterson and Quinchader Coco's ("Plaintiffs") Motion for Leave to File Amended Complaint. (R. Doc. 50). Also before the Court are Acuren Inspection, Inc.'s ("Acuren") and Total Safety U.S., Inc.'s ("Total Safety") oppositions. (R. Docs. 52; 53).

**I.    Background**

On July 12, 2024, Plaintiffs filed suit, in the 18th J.D.C. of Iberville Parish, Louisiana, against The Dow Chemical Company ("Dow"), Petrin Corporation, Total Safety, Acuren, and four unnamed insurance companies, alleging their actions and inactions led to multiple explosions at a Dow chemical plant, injuring Plaintiffs. (R. Doc. 1-4). On August 26, 2024, Acuren removed the case to this Court based on diversity jurisdiction.[1] (R. Doc. 1). On September 16, 2024, Acuren filed a Motion to Dismiss or Alternatively for More Definite Statement. (R. Doc. 12). Also on September 16, 2024, without seeking leave to amend, Plaintiffs filed their First Amended Complaint, wherein, among other things, they changed defendant Petrin Corporation's name to be a new non-diverse defendant, Petrin, LLC. (R. Doc. 13). On September 25, 2024, Plaintiffs filed a Motion to Remand, seeking remand because both Petrin, LLC, and Plaintiffs are Louisiana citizens. (R. Doc. 18). In response to the Motion to Remand,

---

[1] It is not disputed that the amount-in-controversy requirement is met. (R. Doc. 46) ("Plaintiffs concede the amount in controversy in this matter exceeds $75,000."). The dispute is whether the parties remain diverse.

Acuren and Total Safety filed oppositions. (R. Docs. 22; 23). Acuren also filed a Motion to Strike, arguing Plaintiffs' amendment was improper. (R. Doc. 24).

On July 23, 2025, this Court issued a Report and Recommendation, recommending that the district judge strike Plaintiff's amendment, deny Plaintiff's Motion to Remand as moot, and order Plaintiffs to file a motion for leave to amend, considering the *Hensgens* factors. (R. Doc. 47 at 6). This Court also noted the following regarding Petrin, LLC: "In amending, Plaintiff[s] should properly allege the citizenship of Petrin, LLC, and consider whether any amendments to the allegations are appropriate, considering the pending Motion to Dismiss." *Id.* On August 7, 2025, the district judge adopted this Court's Report and Recommendation, and Plaintiffs filed the instant motion on August 21, 2025. (R. Docs. 48; 50). On August 25, 2025, the district judge denied Acuren's Motion to Dismiss or Alternatively for More Definite Statement without prejudice. (R. Doc. 51). Acuren opposed the instant motion on August 29, 2025, and Total Safety filed an opposition on September 11, 2025. (R. Docs. 52; 53).

## II.    Law and Analysis

### A.    The *Hensgens* Factors

28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In *Hensgens v. Deere & Co.,* the Fifth Circuit provided four factors for courts to consider in determining whether an amendment should be allowed. 833 F.2d 1179, 1182 (5th Cir.1987). A court considers "(1) the extent to which joinder of the non-diverse defendant is sought to defeat diversity; (2) whether the plaintiff has been dilatory in seeking to add the party; (3) whether the plaintiff will be significantly injured if the requested amendment is not allowed; and (4) any other factor bearing on the equities." *Jackson v. Wal-Mart Stores, Inc.,* CIV.A.03-2184, 2003

WL 22533619, at *2 (E.D.La. Nov.5, 2003) (*citing Hensgens,* 822 F.2d at 1183). In considering the above, courts attempt to strike a balance between the interests of the parties: "On one hand, there is the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources. On the other side, the diverse defendant has an interest in retaining the federal forum." *Hensgens,* 833 F.2d at 1182.

### B.    Extent that Joinder of Petrin, LLC, was Sought to Defeat Diversity

Plaintiffs argue they should be allowed to add Petrin, LLC, as a party because they have a valid claim against it and are only seeking to correct its name from what was included in their original complaint. Plaintiffs point out they have alleged the following regarding Petrin, LLC:

> On or about July 14, 2023, . . . Plaintiffs were working at a Dow Chemical Plant in Plaquemine, Louisiana. During turnaround and maintenance activities at the Plaquemine site, portable lighting devices were left inside the Glycol II unit. On information and belief, the portable lighting devices belonged to Defendant Total Safety, and were checked out from its tool trailer. *Further, Defendants Petrin LLC and Acur[e]n Inspection were both present in the Glycol II unit immediately prior to the incident. Defendants, whether individually or acting in concert, left the lighting devices in the unit causing a dangerous condition. In the alternative, Defendants knew the lights had been left there and failed to remedy the situation by removing them, or should have discovered that they were there and taken further action. The presence of the lights in the unit, caused by Defendants' various actions and omissions above, caused a series of multiple explosions* in the Glycol II unit [and] Plaintiffs were suddenly and unexpectedly struck by the series of explosions that occurred at Dow's Plaquemine, Louisiana plant as a direct and proximate result of Defendants' negligence and gross negligence.

(R. Doc. 50-1 at 4, 5) (emphasis added).

Regarding the first *Hensgens* factor, courts consider whether a plaintiff "knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Schindler v. Charles Schwab & Co.,* CIV.A.05-0082, 2005 WL 1155862, (E.D. La. May 12, 2005) at *3. "[A] plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knows of a non-diverse defendant's identity . . . suggests that the purpose of

4

the amendment is [to] destroy diversity." *Id*; *see Martinez v. Holzknecht,* 701 F. Supp. 2d 886, 889-90 (S.D. Tex. 2010) (collecting cases) ("where a plaintiff knew or should have known the identity of the nondiverse defendant at the time of the lawsuit's original filing in state court, many courts have [found the] plaintiff's effort was, in fact, to frustrate diversity jurisdiction"); *see also Shargian v. Shargian,* 591 F. Supp. 3d 100, 109 (E.D. La. 2022) (citation omitted) (a plaintiff's awareness of identities and activities of non-diverse defendants before he filed suit in state court supports finding he sought amendment to destroy diversity). Courts also often find a defendant is added solely to destroy diversity if the defendant is added almost immediately after removal occurs. *See Ascension Enters., Inc. v. Allied Signal, Inc.,* 969 F. Supp. 359, 361 (M.D. La. 1997) (found amendment sought to defeat diversity when defendant added immediately after removal and claims against the new defendant were "unrelated to the character of the original suit"); *see also Martinez*, 701 F. Supp. 2d at 889 (citations omitted) ("[A] plaintiff seeking to add a nondiverse defendant shortly after removal, but prior to any additional discovery, is further indication that the amendment is sought for the purpose of defeating diversity.").

  The parties agree Plaintiffs knew, prior to filing this suit in state court, that employees of an entity named Petrin were present at the scene of the alleged explosions before they occurred. Acuren rightly argues that Plaintiffs could have discovered on the Louisiana Secretary of State's website that the proper entity was called Petrin, LLC. *Business Filings Search* (last visited Oct. 30, 2025), https://coraweb.sos.la.gov/CommercialSearch/CommercialSearch Details.aspx?CharterID=145675_F197E918CE.

  Yet, this Court does not find Plaintiffs' knowledge regarding the presence of Petrin, LLC, at the explosion site or the speed of amendment reveal that they are trying to defeat diversity jurisdiction. Plaintiffs' knowledge and actions are clearly the result of Plaintiffs' attorney naming the wrong entity and correcting that mistake when Acuren pointed it out during removal. *See*

5

*Mitchell v. S. Fid. Ins. Co.,* No. CV 21-675-SDD-RLB, 2023 WL 5663225, at *3 (M.D. La. Aug. 1, 2023), *rep. and rec. adopted,* No. CV 21-675-SDD-RLB, 2023 WL 5663214 (M.D. La. Aug. 31, 2023) (where Louisiana Insurance Guaranty Association became proper defendant due to original defendant becoming an insolvent insurer, "purpose of the amendment [wa]s to name a proper defendant, not to destroy federal diversity jurisdiction"). As Petrin Corporation, albeit the wrong entity, was named in the case from the beginning, this is not a case where a plaintiff swiftly added an entirely new defendant upon removal. *See Jackson,* 2003 WL 22533619, at *2 (where a plaintiff named a non-diverse defendant as a Jane Doe at the outset, and the defendant failed to show the non-diverse defendant could not be found liable, the first factor favored allowing amendment).

However, "[i]ntertwined with [the first *Hensgens*] inquiry is the viability of [P]laintiffs' claims against [Petrin, LLC]." *Anzures v. Prologis Texas I LLC,* 886 F. Supp. 2d 555, 564 (W.D. Tex. 2012). Plaintiffs note that, were they required to file a new suit against Petrin, LLC, in state court, their claim might be prescribed. Acuren argues that "to the extent that Plaintiffs invoke the misnomer/misidentification line of cases . . . then it would be necessary for Petrin, LLC, . . . to have received notice of the filing of the original [complaint], despite the incorrect naming." (R. Doc. 52 at 3). And as Acuren points out, Petrin, LLC, filed an answer in response to Plaintiffs' now stricken First Amended Complaint, stating that "Plaintiffs' claims are barred by prescription and/or peremption." (R. Doc. 33). This begs the question of whether Plaintiffs' claims against Petrin, LLC, had already prescribed by the time Plaintiffs filed, without leave, their initial September 16, 2024 amendment.

Under La. C.C. art. 2324(C), "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." The "basis for joint tortfeasor status contemplates independent acts which unite to cause a single injury; thus, separate acts or separate wrongs of

6

the defendants are not . . . separate and independent." *Gruver v. Louisiana Through Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.,* 510 F. Supp. 3d 367, 373 (M.D. La. 2021) (quotations and citation omitted). "[J]oint tortfeasors are deemed solidary obligors, even though their concurrent negligence results from different acts or breaches of different obligations[; thus,] even where neither the original nor amended petitions explicitly allege solidary liability, if the facts claimed, and the prayer for relief, treat all of the defendants as joint tortfeasors, Louisiana law will view them as such." *Id.* In both the original complaint, and in the First Amended Complaint, Plaintiffs allege the actions and inactions of Dow, a Petrin entity, Total Safety, and Acuren occurred around the same time and at the same location, and led to the same injuries. "[T]he alleged conduct by the joint tortfeasors in this case does not have to be the same; it is sufficient that Plaintiffs allege that their conduct, although different, contributed to causing [Plaintiffs'] injur[ies]." *Id.* This would support a finding that the claims against Petrin, LLC, did not prescribe. For purposes of an analysis under *Hensgens*, this does not support denial of the amendment and Petrin, LLC may raise any limitation defenses in the state proceeding.

The Court finds that there is no evidence Plaintiffs' claims against Petrin, LLC, were brought solely to defeat diversity. Accordingly, this Court concludes the first *Hensgens* factor favors allowing the amendment.

### C. Whether Plaintiffs Were Dilatory in Seeking to Add Petrin, LLC

"In analyzing the second *Hensgens* factor, courts consider the amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal." *Anzures,* 886 F. Supp. 2d at 565. Plaintiffs argue they were diligent in adding Petrin, LLC, because they did so on September 16, 2024. Acuren argues Plaintiffs did not seek leave to amend until August 21, 2025, a year after removal, making their request dilatory. Plaintiffs, however, were not in control of this Court's timing in addressing Plaintiffs' September 25, 2024 Motion to Remand and Acuren's October 16, 2024 Motion to Strike. (R. Docs. 18; 24). While their inaccurate pleading and subsequent procedural mistakes contributed to the delay, the record supports a conclusion that Plaintiff were diligent in seeking to remedy those errors throughout the litigation.

Plaintiffs sought to add Petrin, LLC, twenty-one days after Acuren's removal and two months after the suit originated. This Court thus finds Plaintiffs were not dilatory in seeking to add Petrin, LLC, especially as "no trial or pre-trial dates [a]re scheduled and no significant activity beyond the pleading stage has occurred." *Smith v. Robin Am., Inc.,* No. CIV.A. H-08-3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009) ) (quotations and citations omitted); *see Guedry v. Legacy Vulcan Corporation*, No. 16-348-JJB-RLB, 2016 WL 7030450 at *3 (M.D. La. Nov. 4, 2016) (described the plaintiffs as "diligent" in "seeking to amend just three weeks after removal"); *see also Schindler,* 2005 WL 1155862 at *4 (amendment filed a month and half after state court petition and less than thirty days after case removed was not dilatory); *see also Tomlinson v. Allstate Indem. Co.,* No. CIV.A.06-0617, 2006 WL 1331541, at *4 (E.D. La. May 12, 2006) (when "plaintiffs filed their motion to amend approximately six weeks after the filing of their petition in state court and approximately two and a half weeks after [removal,] the proposed amendment [wa]s not dilatory"); *see also Shargian*, 591 F. Supp. 3d at 113 (citations

8

omitted) ("Here, plaintiff filed his amended complaint a month and a half after he filed his state-court petition, and twenty days after the case was removed[.] A scheduling order has yet to be entered[.] These facts favor a finding that plaintiff was not dilatory[.]").

As set forth in the background section above, Plaintiffs promptly and timely responded to any other ruling of the court. The record as a whole does not demonstrate that Plaintiffs have been dilatory. The second *Hensgens* factor therefore favors allowing amendment.

### D. Whether Plaintiffs Will Be Significantly Injured if Amendment is Not Allowed

As Acuren points out, in weighing the third *Hensgens* factor, "[c]ourts look to whether the plaintiff could recover against the proposed nondiverse defendant." *Gallegos v. Safeco Ins. Co. of Indiana,* No. CIV. A. H-09-2777, 2009 WL 4730570, at *5 (S.D. Tex. Dec. 7, 2009). As there is no indication Acuren would be unable to satisfy a judgment, this factor does not favor amendment on this basis. However, "[c]ourts also consider whether the plaintiff will be forced to litigate its claim against the non-diverse defendants in a different court system*." Shargian*, 591 F. Supp. 3d at 114 (citation omitted). Acuren is correct that "[c]ourts have regularly found that the additional expenses that a plaintiff would incur from pursuing parallel actions, by itself, does not constitute significant prejudice." *Shargian*, 591 F. Supp. 3d at 114 (citations omitted). Yet, this Court does not find prejudice exists solely because of the costs Plaintiffs might incur: "Considerations of cost, judicial efficiency and potentially inconsistent results weigh in favor of not requiring Plaintiff[s] to prosecute separate suits in two forums when both arise under the same set of facts." *Porter v. Times Grp.,* No. CV 16-121-JJB-RLB, 2016 WL 8257692, at *6 (M.D. La. Nov. 4, 2016), *rep. and rec. adopted,* No. CV 16-121-JJB-RLB, 2017 WL 628296 (M.D. La. Feb. 15, 2017). Here, Plaintiffs made the same allegations against Acuren and Petrin, LLC. It would hardly be efficient to allow two cases to move forward in separate forums regarding the same exact set of allegations. Such a sequence of events could certainly lead to

9

different results for each defendant. Consequently, this Court finds the "better course is to have all potentially liable parties in one proceeding." *Jackson*, 2003 WL 22533619, at *3. As such, this Court finds the third *Hensgens* factor favors allowing the amendment.

### E. Other Factors Bearing on the Equities

Plaintiffs argue this Court should consider that there is no prejudice to any of the defendants as they knew Plaintiffs intended to file suit against Petrin, LLC, from the start, but removed anyway. Plaintiffs further argue futility of amendment is not at issue as it is clear Petrin, LLC, had a role in the incident. Acuren argues this Court should consider that Plaintiffs "have no one to blame for the current situation [other] than the error of counsel in drafting the original petition" and that allowing the amendment "would reward procedural manipulation aimed at defeating federal jurisdiction under the guise of poor proofreading." (R. Doc. 52 at 9, 10). Total Safety has also asked this Court to deny Plaintiffs' motion because Plaintiffs have not properly alleged the citizenship of Petrin, LLC, despite this Court instructing it do so.

This Court finds this factor neutral. While Acuren is correct that Plaintiffs caused this situation, it cannot be ignored that Acuren chose to remove despite knowing Petrin, LLC, was likely the proper party. As for any risk of rewarding procedural manipulation, there is none. This case demonstrates that filing a petition with errors and inconsistently named parties in the caption and body may lead to removal, and a year's delay in federal court. Even if filing a correction may allow for remand; this is hardly a win for Plaintiffs.

As for Total Safety's argument, this Court does not find Plaintiffs' failure to provide the citizenship of each of Petrin, LLC's members warrants a denial of amendment. Although this Court instructed Plaintiffs to properly describe Petrin, LLC's citizenship, the purpose was to determine whether this Court would lose jurisdiction, thereby requiring the above *Hensgens* analysis. There seems to be no dispute that the addition of Petrin, LLC, will deprive this Court of

jurisdiction. "The burden of providing that complete diversity exists rests upon [the d]efendants, and not Plaintiff, as they are the parties who seek continued invocation of the Court's diversity jurisdiction." *Porter*, 2016 WL 8257692, at *4-5 (citations omitted). No party explicitly denies Petrin, LLC, is a Louisiana citizen, and the First Amended Complaint alleges that "[o]n information and belief, **Petrin, LLC is a citizen of Louisiana because its member/s are citizens of Louisiana**." (R. Doc. 50-1) (emphasis added). If just one of Petrin, LLC's members is a Louisiana citizen it will destroy diversity. *See Pilepro, LLC v. Chang*, 152 F. Supp. 3d 659, 673 (W.D. Tex. 2016), *aff'd sub nom. PilePro, L.L.C. v. Heindl,* 676 F. App'x 341 (5th Cir. 2017) ("individual members must be diverse from all parties on the opposing side").

Under 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days after being served with this Report and Recommendation to file written objections. Plaintiff asserts that this Court does not have jurisdiction upon the addition of Petrin, LLC as a defendant. If any other party is aware that Petrin, LLC, is not a Louisiana citizen, it may demonstrate its citizenship in response to this Report and Recommendation.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave to File Amended Complaint (R. Doc. 50) be **GRANTED**, that the Clerk of Court be ordered to file the First Amended Complaint (R. Doc. 50-1) into the record, and that the case be **REMANDED** to the 18th Judicial District Court of the Parish of Iberville in the State of Louisiana.

Signed in Baton Rouge, Louisiana, on November 12, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**